IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY LAWRENCE, LARRY ROSS, and TERRY LAWRENCE, on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:12-CV-00188 |
| GATE GUARD SERVICES, LP, formerly known as Gate Guard Services, LLC and BERT STEINDORF, JR., individually, | § § § § § | |
| Defendants. | § § | |

## ORDER DENYING DEFENDANTS' EMERGENCY MOTION

Before the Court is Defendants' Emergency Motion to Enjoin Plaintiffs and Their Counsel from Contacting Putative Collective Action Members and to Strike Notices of Consent Filed Prior to Conditional Certification and for Sanctions. (D.E. 24.) Defendants' motion requests five separate forms of relief. (*Id.* at 15–16.) For the reasons stated below, the Court denies each of Defendants' five requests for relief.

First, Defendants request that Plaintiffs and Plaintiffs' counsel be prohibited from initiating contact with putative collective action members unless and until a collective action is conditionally certified and the putative collective action members file Court-approved opt-in consent forms. The imposition of such a blanket ban on communications, however, would be overly restrictive and place a serious restraint on expression that is not justified on the record before the Court. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103–04 (1981). A court may limit communications with potential opt-ins where counsel disseminates misleading information,

improperly solicits class members, or coerces potential plaintiffs into joining the collective action. *See McKnight v. Houston*, Civ. A. No. H-09-3345, 2010 WL 5101957, at *1 (S.D. Tex. Dec. 8, 2010); *Spence v. Irving Holdings, Inc.*, Civ. No. 3:10-cv-142, 2010 WL 5609023, at *2 (N.D. Tex. Dec. 15, 2010); *Piper v. RGIS Inventory Specialists, Inc.*, No. C-07-00032, 2007 WL 1690887, at *7 (N.D. Cal. June 11, 2007); *Alaniz v. Sam Kane Beef Processors, Inc.*, Civ. No. CC-07-335, 2007 WL 4290659, at *1 (S.D. Tex. Dec. 4, 2007) (Head, J.) ("due to First Amendment concerns implicated in restriction of communication with potential class members, courts must balance the need for limitations with the potential interference with the rights of parties"). The Court does not find that Plaintiffs' counsel has engaged in any misinformation, coercion, or other improper communication with potential opt-in plaintiffs. *See Gulf Oil*, 452 U.S. at 101 ("an order limiting communications between the parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties") Accordingly, Defendants' first request for relief is DENIED.

Second, Defendants request that Plaintiffs' counsel be required to identify (a) the names and addresses of all putative collective action members with whom Plaintiffs have communicated regarding the claims asserted in this lawsuit; (b) the date, time, and method of such communications; and (c) the substance of such communications. The Court finds that the requested information is protected from disclosure by the attorney work product privilege. *See Lefkoe v. Jos. A. Bank Clothiers*, Civ. No. WMN-06-1892, 2008 WL 7275126, at *12 (D. Md. May 13, 2008) ("The identity of persons interviewed in anticipation of litigation generally is protected under the work product doctrine."). Defendants' second request for relief is therefore DENIED.

Third, Defendants request that if and when this case is conditionally certified as a collective action, defense counsel be charged with preparing the notice and opt-in consent form. The contents of the notice and consent form falls within the Court's broad discretion in a collective action to enter orders governing the conduct of the parties. *See Gulf Oil*, 452 U.S. at 101; *McKnight*, 2010 WL 5101957, at *1; *Alaniz*, 2007 WL 4290659, at *1. The Court will permit Plaintiffs and Defendants to submit proposed notice and consent forms to the Court; however, the Court will make the ultimate determination as to the contents of the form sent to the putative class members. Defendants' third request for relief is DENIED.

Fourth, Defendants request that the notice of filing consents (D.E. 22) and the notices of consent for Jerry Studlar (D.E. 22-1) and Marvin Simmons (D.E. 22-2) be stricken from the record. Under FLSA, there is no requirement that consents filed before the district court authorizes notice to potential opt-in plaintiffs must be stricken. *See Piper*, 2007 WL 1690887 at *6 ("courts generally allow opt-ins to be filed at any time in the action and even look to these opt-in consents . . . as evidence on the question of whether a class in an FLSA collective action should be conditionally certified"); *Wertheim v. Arizona*, 1993 WL 603552, at *8 (D. Ariz. Sept. 30, 1993) ("given that . . . the statute of limitations runs until a claimant files a consent form, and given that a court later can strike consents if a basis for doing so is established, the court is reluctant to conclude that [FLSA] per se forbids the filing of consents until after the court authorizes notice"). Accordingly, Defendants' fourth request for relief is DENIED.

Fifth, Defendants request that Plaintiffs pay Defendants' reasonable costs and attorney's fees on this motion. The payment of attorney's fees and costs is not warranted. Defendants' fifth request for relief is DENIED.

Defendants' Emergency Motion to Enjoin Plaintiffs and Their Counsel from Contacting Putative Collective Action Members and to Strike Notices of Consent Filed Prior to Conditional Certification and for Sanctions (D.E. 24) is DENIED in its entirety.

ORDERED this 26th day of September 2012.

**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**