IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JIMMY LAWRENCE, LARRY ROSS and TERRY LAWRENCE,<br><br>    Plaintiffs,<br><br>v.<br><br>GATE GUARD SERVICES, LP, formerly known as GATE GUARD SERVICES, LLC, and BERT STEINDORF, JR., Individually,<br><br>    Defendants. | Case No. 12-188 |

### JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT

The parties have settled this Fair Labor Standards Act ("FLSA") case on terms that are mutually agreeable to all parties of record, and hereby jointly request that, following a hearing on the matter, the Court approve the settlement for the reasons set forth herein and dismiss this action with prejudice.

### I.    INTRODUCTION

Plaintiffs Jimmy Lawrence, Larry Ross and Terry Lawrence, as well as opt-in Plaintiffs Marvin Simmons, Jerry Studlar, Michael McDonald, Danny Bo McDaniel, Anthony Negrete, Ricardo Garcia and Bryan Henderson (collectively "Plaintiffs" or the "collective action members"), and Defendants Gate Guard Services, L.P. and Bert Steindorf, Jr. (collectively "Defendants") have provisionally settled the wage and hour claims asserted in connection with the above-referenced matter. The settlement occurred only after the parties: (i) exchanged substantial written discovery, including the disclosure of payroll and other collective data for the

collective action members; (ii) issued and served Court-approved notice of the collective action to thirty-five (35) potential collective action members; (iii) conducted nineteen (19) depositions, including the depositions of all of the Plaintiffs and opt-in Plaintiffs and the Defendants' representatives; and (iv) conducted mediation with an experienced, professional mediator. The settlement, which was the product of arm's-length negotiation by experienced counsel, will provide monetary compensation to the collective action members and eliminate the risks both sides would bear if this litigation continued. The parties believe the settlement, which is memorialized in a Settlement Agreement and Release of Claims ("Settlement Agreement") to be executed by all parties, including all Plaintiffs, is fair and reasonable and should be approved.

## II. PROCEDURAL HISTORY

The named Plaintiffs filed the instant action on June 7, 2012. (Dkt. #1.) Defendants answered and moved to dismiss Plaintiffs' collective claims on July 5, 2012. (Dkt. #8, 10.) In response, Plaintiffs moved for leave to amend their Complaints and did so on August 27, 2012. (Dkt. #19.)

Plaintiffs then moved for conditional certification on September 17, 2012, which motion was granted over Defendants' opposition. (Dkt. #27, 40, 46.) Pursuant to Court order, prior to October 26, 2012, Plaintiffs circulated a Court-approved notice of this collective action to the potential collective action members, and they were given until December 10, 2012, to file consents to join this action. (Dkt. #46.) Opt-In Plaintiffs Studlar, Simmons, McDaniel, Negrete, McDonald, Henderson and Garcia all filed consents prior to the expiration of the Court mandated deadline. (Dkt. #22, 49, 51, 52, 53, 55.)

The parties conducted the extensive discovery referenced above, and the discovery period for this matter expired on February 1, 2013.

### III.    CITATION TO AUTHORITY

The Court should approve the instant settlement. Proposed settlements under the FLSA require court approval to effectuate a valid release. *See*, *e.g.*, *Tran et al. v. Tran Thai, d/b/a Nails of America, et al.*, Civil Action No. H–08–3650, 2009 WL 3060400 (S.D. Tex. Sept. 24, 2009); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)); *see also Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (5th Cir. 1982). Specifically, unpaid wage claims under the FLSA must either be settled by the Secretary of Labor or under a private enforcement action under 29 U.S.C. § 216(c) that is approved by a United States District Court. *Lynn's Food Stores*, 679 F.2d at 1353. When the latter option is proposed, as it is here, the Court may enter a stipulated judgment, "after scrutinizing the settlement for fairness." *Id*. (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946)).

The Court's inquiry about the fairness of an FLSA settlement arising from a private enforcement action is two-pronged. *Id.* First, the Court should be satisfied that the settlement was the product of "contested litigation." *Id.* Second, the Court should inquire about whether the settlement involved a fair and reasonable resolution of a *bona fide* dispute between the parties under the FLSA. *Id.* Typically, courts rely on the adversary nature of a contested FLSA case which resulted in a settlement as indicia of fairness. *Id*. at 1354. If the proposed settlement reflects a reasonable compromise over contested issues, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id*.

District courts routinely approve settlements reached in FLSA collective actions. *See, e.g., Tran et al.,* Civil Action No. H–08–3650, 2009 WL 3060400*; Villeda v. Landry's Restaurants, Inc.*, Civil Action No. H–08–2287, 2009 WL 3233405 (S.D. Tex. Oct. 7, 2009); *Ruiz v. GVMS, Inc.*, Civil Action No. H–08–1692, 2009 WL 3157349 (S.D. Tex. Sept. 25, 2009).

Based on the facts presented as well as the consistency of approval of other similar FLSA settlements, this Court should readily conclude the parties' settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

### A.     The Proposed Settlement Is the Product of Contested Litigation

There is no question the proposed settlement is the product of contested litigation. In their Complaint, and again more fully set forth in their First and Second Amended Complaints, Plaintiffs made factual allegations describing Defendants' allegedly unlawful compensation practices. In their Motion to Dismiss and Answers, Defendants denied Plaintiffs' material factual allegations and asserted a number of affirmative defenses that they argued would bar Plaintiffs' claims in whole, or in part.

During this litigation, the parties conducted their own factual investigations regarding Plaintiffs' allegations, including expert analysis, and the exchange of documents and wage and payroll information for all Plaintiffs and opt-in Plaintiffs. In addition to their factual investigations, the parties also analyzed multiple legal issues implicated in this case, including approximating the alleged damages and the viability of Defendants' various affirmative defenses.

The settlement of this lawsuit resulted only after protracted negotiations, including a full day of mediation. Prior to settlement, the parties assessed the strengths and weaknesses of their claims and defenses. Accordingly, the Court should readily conclude the proposed settlement was the product of contested litigation.

### B.     The Proposed Settlement Reflects a Fair and Reasonable Resolution of a *Bona Fide* Dispute between the Parties

The second prong of the Court's settlement approval inquiry focuses on two issues. The first is confirming the existence of a *bona fide* dispute between the parties under the FLSA. The second involves a review of the fairness and reasonableness of the proposed settlement. The

Court should readily conclude both issues implicated by this second prong of the Court's settlement approval inquiry are satisfied.

### 1. A *Bona Fide* Dispute Existed Between the Parties

Plaintiffs alleged Defendants violated the FLSA because they failed to pay service technicians overtime compensation for hours worked in excess of forty (40) during a given week. Plaintiffs argued these acts constituted violations of the FLSA. Defendants denied Plaintiffs' allegations, arguing they paid service technicians for all hours that were worked, including overtime. Defendants also produced records showing that service technicians were paid overtime during their employment. Plaintiffs contested the validity of Defendants' pay practices.

If Plaintiffs' allegations were ultimately correct, Defendants would be faced with the prospect of a significant monetary verdict in favor of Plaintiffs, as well as an obligation to pay litigation fees and costs incurred by Plaintiffs and Defendants alike. If Defendants' arguments were correct, then Plaintiffs would face no recovery of any kind. Accordingly, the Court should readily conclude that a *bona fide* dispute between the parties existed.

### 2. The Proposed Settlement Is Fair and Reasonable

This settlement was the product of arm's-length negotiations by experienced counsel and has the salutary effect of: (i) providing monetary relief to all Plaintiffs and collective action members, and (ii) eliminating inherent risks both sides would bear if this complex litigation continued to resolution on the merits. A day-long mediation with a qualified mediator established a framework which ultimately allowed the parties to bridge a significant gap between their respective settlement positions and to obtain a resolution of the claims. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing courts rely on the adversary nature of a litigated

FLSA case resulting in settlement as indicia of fairness); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.")

## IV. OTHER FACTORS FAVOR APPROVING THE SETTLEMENT

Moreover, several additional relevant factors confirm the proposed settlement is fair and reasonable.

### A. Public Policy Favors Settlements

Public policy favors settlements. This is particularly true in complex cases, such as this, where substantial resources can be conserved by avoiding the time, cost and rigor of protracted litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing policy of encouraging settlement of FLSA litigation); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("A strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

### B. Substantial Obstacles Exist If the Litigation Continues, and the Settlement Offers Substantial, Immediate Relief

As outlined above, the parties disagree about the merits of Plaintiffs' claims and the viability of Defendants' defenses. If litigation had continued, Plaintiffs would have faced many obstacles, including (i) Defendants' anticipated motion for decertification, and (ii) a jury trial. Further, even if Plaintiffs prevailed on liability issues, Plaintiffs faced considerable obstacles in proving both the nature and extent of Plaintiffs' damages. Determining damages in this case, if

6

any, would have the effect of creating a series of ten fact-intensive mini-trials, arguably defeating the efficacy of the collective action process.

Further, the proposed settlement brings substantial value to each of the Plaintiffs. The monetary distribution to collective members directly at the direction of Plaintiffs' counsel compensates them consistent with the claims asserted in this case. Although the range of potential recovery at trial could possibly have been greater, it is equally possible the potential recovery would have been less, or nothing at all. Consequently, this settlement brings Plaintiffs value now, as opposed to years from now, and provides certainty regarding the outcome of this matter. A significant factor weighing in favor of the Court's approval of the proposed settlement is that substantial benefits will be immediately received by the Plaintiffs and made certain by the settlement. *See In re BankAmerica*, 210 F.R.D. at 701 ("As courts have recognized, when considering settlement agreements they should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere probability of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush." (internal quotations omitted)).

    C.  This Was a Complex and Potentially Expensive and Lengthy Case

This case is complex as to both liability and damages. Many complex issues of fact and law remain unanswered and would have to be resolved at, or before, trial. Trial would be lengthy, costly and complex. Plaintiffs would need to provide testimony sufficient to establish liability. Proof of damages would have required testimony and evidence supported by each individual Plaintiff or collective action member. Post-judgment appeals would be likely.

Accordingly, the complexity and prospective expense and duration of litigation weigh in favor of approving the proposed settlement.

### D. The Parties and Their Counsel Support the Settlement

After thorough investigations of the facts and law, the parties have gained a comprehensive knowledge of Plaintiffs' claims and Defendants' defenses. Additionally, the parties have ample evidence necessary to make an informed assessment of the proposed settlement. Based on their knowledge of the case and the applicable law, as well as their experience in FLSA actions, the parties' counsel believe that the settlement is fair, reasonable and adequate. *In re BankAmerica*, 210 F.R.D. at 702 ("Although the Court is not bound by the counsel's opinion, their opinion is nonetheless entitled to great weight."). The seven opt-in Plaintiffs have specifically provided the named Plaintiffs and Plaintiffs' counsel with the authority to resolve this matter on their behalf. Moreover, given the limited number of opt-in Plaintiffs, each named Plaintiff, opt-in Plaintiff and Defendant will be required to review and execute the proposed settlement agreement with their counsel.

### V. CONCLUSION

This collective action settlement was reached as a result of contested litigation and it resolves a *bona fide* dispute between the parties under the FLSA. The parties engaged in lengthy investigation of the pertinent facts and law and mediated this case before finally reaching settlement. The parties believe the settlement is fair, reasonable and adequate, and provides Plaintiffs with significant relief in a contested matter. For these reasons, and those set forth above, the parties respectfully suggest the Court should approve the settlement following a hearing on the matter wherein the particulars of the settlement can be provided to the Court, and dismiss the claims of the named Plaintiffs and the collective action members with prejudice.

Respectfully submitted this 6th day of February, 2013.

| | |
|---|---|
| **GALO LAW FIRM, P.C.** | **CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY** |
| By: *s/ Michael V. Galo*<br>Michael V. Galo, Jr.<br>Texas Bar No. 00790734<br>4230 Gardendale, Bldg. 401<br>San Antonio, Texas 78229<br>Telephone: (210) 616-9800<br>Facsimile: (210) 616-9898<br><br>*Attorney for Plaintiffs and opt-in Plaintiffs* | By: *s/ Daniel D. Pipitone*<br>Daniel D. Pipitone<br>Texas Bar No. 16024600<br>Federal I.D. 0294<br>1200 Smith Street<br>14th Floor<br>Houston, TX 77002-4310<br>Telephone: (713) 654-9670<br><br>By: *s/Annette A. Idalski*<br>Texas Bar No. 00793235<br>Federal I.D. No. 1130754<br>191 Peachtree Street, N.E.<br>Thirty-Fourth Floor<br>Atlanta, GA 30303-1747<br>Telephone: (404) 658-5386<br>Facsimile: (404) 659-1852<br><br>*Counsel for Defendants Gate Guard Services, L.P. and Bert Steindorf, Jr., Individually* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JIMMY LAWRENCE, LARRY ROSS and TERRY LAWRENCE,<br><br>    Plaintiffs,<br><br>v.<br><br>GATE GUARD SERVICES, LP, formerly known as GATE GUARD SERVICES, LLC, and BERT STEINDORF, JR., Individually,<br><br>    Defendants. | Case No. 12-188 |

## CERTIFICATE OF SERVICE

This is to certify that on February 6, 2013, I electronically filed the foregoing JOINT MOTION TO APPROVE SETTLEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT through the Court's CM/ECF system, which will send a notice of electronic filing to counsel of record as follows:

>Michael V. Galo, Jr., Esq.
>GALO LAW FIRM, P.C.
>4230 Gardendale, Building 401
>San Antonio, Texas 78229

>CHAMBERLAIN, HRDLICKA, WHITE,
>WILLIAMS & AUGHTRY
>
>*/s/ Annette A. Idalski*
>Annette A. Idalski
>Texas Bar No. 00793235

1703204_1